## CIRCUIT COURT OF THE CITY OF RICHMOND

Joyce H. Bowden

v.

Thomas B. Leecost, Jr.

### April 10, 1992

### Case No. LT-900–3

BY JUDGE T. J. MARKOW

This matter is before the court on Dr. Leecost's special plea in bar to Count II of the motion for judgment. Count II alleges a cause of action for professional malpractice based on negligence. It is Dr. Leecost's position that plaintiff's notice of claim filed under the Medical Malpractice Act contained no allegation or description of the negligence, and he was not, therefore, placed on notice that he was being sued for anything except failure to obtain informed consent.

The Virginia Code provides that a medical malpractice claimant must notify a health care provider in writing prior to commencing an action. The notice must "include the time of the alleged malpractice and a reasonable description of the act or acts of malpractice." Va. Code Ann. § 8.01–581.2(A) (Cum. Supp. 1991).

The notice of claim sent to Dr. Leecost provides the date of the alleged malpractice and describes "the act or acts of malpractice" as follows:

(1) Failing to disclose to Joyce H. Bowden the risks and hazards of the performed surgery.

(2) Failing to obtain consent from Joyce H. Bowden to perform the surgery.

(3) Failing to exercise and possess that degree of skill, care, and learning ordinarily exercised by physicians with regard to the existing state of knowledge in medicine or surgery.

Dr. Leecost concedes that he was on notice of the failure to obtain informed consent claim, which is Count I of the motion for judgment, by virtue of the allegations in paragraphs (1) and (2) of the notice of claim but denies that paragraph (3) alerted him to a negligence claim or what acts were relied on to make it. After the notice of claim was filed, he objected to its sufficiency, but it was never amended. Further, he argues that this lack of notice prejudiced him as he failed to request a medical malpractice review panel because of his lack of notice of a pending negligence claim.

The plaintiff argues that her notice is sufficient, relying on *Hudson v. Surgical Specialists, Inc.*, 239 Va. 191, 387 S.E.2d 750 (1990). The *Hudson* court said:

> The defendant is not warranted in basing his decision whether to request a review panel solely upon the contents of the plaintiff's notice. If the notice is sufficient to identify the case in his files and in the appropriate medical records, he is expected to depend upon those more detailed, contemporaneous, and presumably reliable sources in deciding whether to request a panel . . . . After the plaintiff has filed suit, Part Four of the Rules of Court, as well as the provisions pertaining to bills of particulars, furnish the defendant abundant opportunities to ascertain the details of the plaintiff's case in time to prepare his defense.

*Id.* at 107, 387 S.E.2d at 753. This rather broad language must be examined in the context of the facts in that case. The notice which was questioned there did provide a "reasonable description of the act or acts of malpractice," stating specifically that the provider:

> negligently performed double aorta-coronary bypass with saphenous vein graft sequential graft to the diagonal and left anterior descending coronary arteries with a cardiopulmonary bypass . . . . You are alleged to have failed to follow standard and generally accepted procedures for bypass surgery in that you did not properly cool and fibrilate [sic] the heart prior to the insertion of the left ventricular vent into the right superior pulmonary vein. This alleged act of negligence resulted in air entering the patient's heart and being ejected into the arterial system ultimately resulting in the death . . . .

*Id.* at 103, 387 S.E.2d at 751.

The court in that case ruled that "the trial court erred in restricting the plaintiff's evidence to the specific facts alleged in the notice of claim." *Id.* at 107, 387 S.E.2d at 753. The court noted that at the time of giving notice, "plaintiff's knowledge of the medical ramifications of the case may be fragmentary." *Id.* at 106, 387 S.E.2d at 753.

The notice in the *Hudson* case, however, is a model of specificity compared to the one here, which alleges negligence simply by using a catch phrase amounting to a legal conclusion to describe it: "(3) Failing to exercise and possess that degree of skill, care and learning ordinarily exercised by physicians with regard to the existing state of knowledge in medicine or surgery." That is not a description of an act of malpractice but is rather a definition of malpractice itself.

The *Hudson* court cited *Grubbs v. Rawls*, 235 Va. 607, 614, 369 S.E.2d 683, 687 (1988), to the effect that the notice is not required to contain "a particularized statement of claims." An examination of *Grubbs* does reveal that there is some minimum below which a notice can fall, however, at the court held: "In our opinion, plaintiff's notices were *barely sufficient to meet the reasonableness requirement of the statute* in calling the defendant doctors' attention to the fact that Grubbs had a complaint concerning post-operative treatment." *Id.* at 614, 369 S.E.2d at 687 (emphasis added). The court determined that the language in the notice "negligent treatment and surgery of this patient while under your care" referred to post-operative events since the treatment continued beyond the surgery. The court also found significant the notice's referral to the need for a second surgery to correct problems caused by the first, saying that a "complaint of worsened condition following surgery plainly refers to post-operative events." After that analysis the court repeated: "In our opinion, the notice letters, when fairly read, are barely sufficient to encompass a third act of malpractice: post-operative treatment." *Id.* at 615, 369 S.E.2d at 688 (emphasis added).

The notice here does not meet that bare sufficiency. In no way does it give the defendant information of the nature of the plaintiff's complaint. What does she claim that he did or failed to do that was a departure from the standard of care? Was his pre- or post-surgical care deficient? After care? He has no idea from this notice. The statute requires that he have reasonable notice of the deficiency complained of. Nothing like that is found here. Consequently, the

plaintiff may not maintain her claim of negligence, and Count II of the motion for judgment will be dismissed.